**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmy Lee Anthony Eisenhour,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>M. Gutierrez, et al.,<br><br>　　　　　Defendants. | No. CV-23-00043-TUC-JCH<br><br>**ORDER** |

Before the Court are two related motions: (1) Plaintiff's Motion to Add Exhibit (Doc. 28) (Motion I); and (2) Defendants' Motion to Strike (Doc. 33) (Motion II). In Motion I, Plaintiff moves to add, as an exhibit, an affidavit from Lukner Rene ("Exhibit A") in supplement of his Notice of Aggravated Assault (*see* Doc. 29). Doc. 28. In Motion II, Defendants seek to strike Plaintiff's Motion to Add Exhibit (Doc. 28) and Plaintiff's Notice of Aggravated Assault (Doc. 29). Doc. 33 at 1.

**I.     Background**

Plaintiff Jimmy Lee Anthony Eisenhour, who is confined in the United States Penitentiary-Tucson, filed a pro se civil rights Complaint, a motion for a temporary restraining order (TRO) and preliminary injunction, a supplement, and an amended Application to Proceed in Forma Pauperis. Docs. 1, 2, 8, 9. Upon screening, under 28 U.S.C. § 1915A(a), the Court permitted the *Bivens*[1] suit and suit for injunctive relief, under 28 U.S.C. § 1331, to proceed. Doc. 14. The *Bivens* suit/suit for injunctive relief relate to

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

constitutionally inadequate dental/medical care under the Eighth Amendment. *Id.* The Court dismissed, for failure to state a claim for injunctive relief under 28 U.S.C. § 1331, the allegations related to his threat-to-safety claims in Count III. *Id.* at 8. In evaluating the claims for damages under *Bivens*, the Court dismissed the access-to-court and mail-violation claims in Count II, and threat-to-safety claims in Count III. *Id.* at 11–14. Counts II and III were dismissed without prejudice. *Id.* at 19.

On June 9, 2023, Plaintiff filed a Notice of Aggravated Assault. Doc. 29. On the same date, Plaintiff filed Motion I. Doc. 28. Plaintiff alleges he and Mikeal Glenn Stine, his cellmate since December 2022 (see Doc. 1-1), "were viciously beaten by USP/Tucson Staff on 6-2-2023." Doc. 29 at 3. On June 4, 2023, Plaintiff alleges CO Fragosa told him and Stine that the "warden gave staff permission to kill us[.]" *Id.* at 3–4.

**II.    Legal Standard**

Under the Local Rules of Civil Procedure, a motion to strike may be filed in only two situations: (1) when the motion to strike is authorized by statute or rule, or (2) when the motion to strike seeks to strike a filing or submission because it is prohibited by statute, rule, or court order. LRCiv. 7.2(m)(1). Rule 12(f)4 authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "The decision to grant or deny a motion to strike is within the court's discretion." *Sunburst Mins., LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018).

"Motions to strike are a drastic remedy and generally disfavored." *Martinez v. Alltran Fin. LP*, 2019 WL 1777300, at *3 (D. Ariz. Apr. 23, 2019); *see also Contrina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1774, 1182 (S.D. Cal. Mar. 19, 2015). Furthermore, Rule 12(f) motions typically requires a showing of prejudice on behalf of the moving party. *Greenwich Inv. Mgmt. Inc. v. Aegis Cap. Corp.*, 2023 WL 2614941, at *1 (D. Ariz. Mar. 23, 2023). "[T]he court should view the pleading in the light most favorable to the nonmoving party" when ruling on a motion to strike. *Hale v. Norcold Inc.*, 2019 WL

3556882, at *4 (D. Ariz. Aug. 5, 2019) (internal citation omitted).

Defendants move to strike the documents as immaterial and impertinent. Doc. 33 at 2. A matter is "immaterial" under Rule 12(f) when it "has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone*, 618 F.3d at 974 (internal citation omitted). A matter is "impertinent" under Rule 12(f) when it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal citation omitted).

**III.  Analysis**

    **A.  Motion I**

As an initial matter, Motion I implicates the threat-to-safety claims which this Court dismissed without prejudice for failure to state a claim for injunctive relief under 28 U.S.C. § 1331. It is unclear what Plaintiff is attempting to supplement and there does not appear to be any proper relief to supplement. As the Court has explained, an injunction or restraining order is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but relief is not proper when it is requested on matters lying wholly outside the issues in the suit. *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Pac. Radiation Oncology, L.L.C. v. Queens Med. Ctr.*, 810 F.3d at 636 (9th Cir. 2015) (holding that a court does not have authority to issue an injunction when a plaintiff seeks injunctive relief based on claims not pled in the complaint). As such, the Court will deny Motion I without prejudice.

    **B.  Motion II**

The Court will grant Motion II as it relates to the Notice. Defendants argue that the Notice concerns issues unrelated to the surviving claims in this action. Doc 33 at 2. Because those claims were dismissed on screening, Defendants contend that the Court lacks authority to grant Plaintiff the "unspecified injunctive relief he requests." *Id.* (citing *Pac. Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.")). Plaintiff has not yet moved to

amend his Complaint or reassert by motion the injunctive relief allegations in Count III. As such, these documents are not essential or necessary to the remaining issues. The statements in Plaintiff's Notice have no bearing on the subject matter of the litigation and should be stricken under Rule 12(f).

IV.     **Order**

**IT IS ORDERED DENYING WITHOUT PREJUDICE** Plaintiff's Motion to Add Exhibit (Doc. 28)

**IT IS FURTHER ORDERED GRANTING** Defendants' Motion to Strike, (Doc. 33), and **STRIKING** Plaintiff's Notice filed at Docket No. 29.

Dated this 28th day of June, 2023.

_____
Honorable John C. Hinderaker
United States District Judge